**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHRISTINE D. COLLINS, A PROFESSIONAL
CORPORATION and CHRISTINE DEANNE
COLLINS, individually,

                *Plaintiffs,*

    -against-

MCA RECEIVABLES, LLC D/B/A ALLY
FUNDING GROUP, YISROEL C. GETTER;
MARTIN MILLER; PARAGON CAPITAL
SOURCE, LLC; THE WOODS LAW FIRM, LLC;
JOHN DOES 1-10; and JOHN DOE
INVESTORS 1-10,

                *Defendants.*

Case No. 1:23-cv-00353-AT

---

**DEFENDANTS MCA RECEIVABLES, LLC'S AND YISROEL GETTER'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR PARTIAL MOTION TO DISMISS**

WELLS LAW P.C.
Will Parsons
229 Warner Road
Lancaster, New York 14086
Tel.: (716) 983-4750
Email: will@wellspc.com

*Counsel for Defendants*
*MCA Receivables, LLC and*
*Yisroel Getter*

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………………..iii

LEGAL ARGUMENT……………………………………………………………….…….1

    I.      Plaintiffs' Declaratory Judgment Claim Fails as a Matter of Law……………..…1

    II.     Plaintiffs' Fraud Claim Fails as a Matter of Law…………………………………2

           A.     Plaintiffs' Claim Regarding Alleged Fraudulent Fees Sounds in
                 Breach of Contract………………………………………………...……………3

           B.     Plaintiffs' Fraud Claim Based Upon Alleged Pre-Contractual
                 Representations Fails………………………………………………….…….4

                 1.     The Alleged Pre-Contractual Representations Regarding the
                          Amount and Term of the Alleged Loan……………………..……..4

                 2.     The Alleged Pre-Contractual Misrepresentation Regarding
                          a Subsequent Agreement………………………………………………….5

    III.    Plaintiffs' Breach of Contract Claim Fails as a Matter of Law………..…………7

           A.     Plaintiffs' Breach of Contract Claim is Based on Conduct Expressly
                 Permitted by the Parties' Contract………………………………….……..7

           B.     Plaintiffs Have Not Alleged (and Cannot Allege) Their Own
                 Performance Under the Purchase Agreement……………………………..8

    IV.    Plaintiffs Have Failed to State a Claim for Violation of the CFAA………..….9

           A.     Plaintiffs Have Failed to Allege that Defendants Exceeded Their
                 Authorized Access…………………………………………………...…..9

           B.     Plaintiffs Have Failed to Allege Damage or Loss as Defined
                 In the CFAA……………………………………………………...…….10

CONCLUSION………………………………………………………………………….....10

# **TABLE OF AUTHORITIES**

**Cases**

*Above & Beyond - Bus. Tools & Servs. for Entrepreneurs, Inc. v. Wilson*,
    2022 WL 17742726, at *7 (D.N.J. Sept. 1, 2022)……………………………...………..10

*Danann Realty Corp. v. Harris*,
    5 N.Y.2d 317, 320 (1959)………………………………………………………………6

*Haymount Urgent Care PC v. GoFund Advance, LLC*,
    609 F. Supp. 3d 237, 254 (S.D.N.Y. 2022)……………………………………1, 2, 3, 4, 7

*Icebox–Scoops v. Finanz St. Honore, B.V.*,
    676 F.Supp.2d 100, 112 (E.D.N.Y. 2009)……………………………………………..6

*Jet One Grp., Inc. v. Halcyon Jet Holdings, Inc.*,
    2009 WL 2524864, at *6 (E.D.N.Y. Aug. 14, 2009)……………………….…………..9

*Milanese v. Rust-Oleum Corp.*,
    244 F.3d 104, 110 (2d Cir. 2001)………………………………...……………………11

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monarch Payroll, Inc.*,
    2016 WL 634083 (S.D.N.Y. Feb. 17, 2016)…………………………………………….4

*O'Brien v. Nat'l Prop. Analysts Partners*,
    719 F. Supp. 222, 229 (S.D.N.Y. 1989)……………………………………….………1, 8

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
    692 F. Supp. 2d 373, 385 (S.D.N.Y. 2010)………………………………………....…..9

*Shinano Kenshi Corp. v. Honeywell Int'l Inc.*,
    2023 WL 2431327, at *6 (S.D.N.Y. Mar. 9, 2023)………………………………….6

*Siemens Westinghouse Power Corp. v. Dick Corp*,
    299 F. Supp. 2d 242, 247 (S.D.N.Y. 2004)………………………………….…………6

*Univ. Sports Pub. Co. v. Playmakers Media Co.*,
    725 F. Supp. 2d 378, 383 (S.D.N.Y. 2010)…………………………………………….9

*Van Buren v. United States*,
    141 S. Ct. 1648, 1662 (2021)…………………………………………………………..9, 10

**Statutes**

Defendants MCA Receivables d/b/a Ally Funding Group ("MCA Receivables") and Yisroel Getter (together, "Defendants") hereby submit this reply memorandum of law in further support of their partial motion to dismiss with prejudice the Complaint of Plaintiffs Christine D. Collins, a Professional Corporation ("Merchant") and Christine Deanne Collins ("Dr. Collins") (together, "Plaintiffs") and state as follows.

## LEGAL ARGUMENT

### I. Plaintiffs' Declaratory Judgment Claim Fails as a Matter of Law.

Plaintiffs do not address Defendants' authority that, under New York law, corporate entities and their individual guarantors cannot seek affirmative relief, such as a declaratory judgment, based on alleged usury. (*See* Doc. No. 54, Pls.' Memo. at pp. 4-5). Nor do they provide any contrary authority. (*See id.*) Instead, they claim that they are "asserting usury as an affirmative defense." (*Id.* at p. 4). Defendants, however, have not asserted a cause of action to which an affirmative defense could be raised. Plaintiffs' declaratory judgment claim is clearly one for affirmative relief. *See, e.g., Haymount Urgent Care PC v. GoFund Advance, LLC*, 609 F. Supp. 3d 237, 254 (S.D.N.Y. 2022) (dismissing a nearly identical claim for declaratory judgment).[1] It fails as a matter of law and, respectfully, should be dismissed.

In a footnote, Plaintiffs seek to amend their Complaint – which sought a declaration "[u]nder controlling New York law," (Doc. No. 1, Compl. ¶ 173) – to allege their claim under Connecticut law. (*See* Doc. No. 54, Pls.' Memo. at p. 5 n.4). However, "it is axiomatic that [a] Complaint cannot be amended by the brief[] in opposition to a motion to dismiss." *O'Brien v.*

---

[1] The *Haymount* decision is especially applicable because Plaintiffs largely cut-and-pasted their Complaint from the Amended Complaint in that case.

1

*Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989).[2] That is especially applicable here where Plaintiffs declined to amend their Complaint in response to Defendants' deficiency letter, Defendants' pre-motion letter, or Defendants' motion to dismiss, *see* Rule III.B, Individual Practices in Civil Cases, all of which squarely addressed Plaintiffs' declaratory judgment claim under New York law (which is how it was pled).

Moreover, Plaintiffs' suggestion that the Court apply the Purchase Agreement's choice-of-law provision to declare the Purchase Agreement *void ab initio* is logically inconsistent. If the Purchase Agreement is void – as Plaintiffs suggest – then so is its choice-of-law provision. *See Haymount Urgent Care PC v. GoFund Advance, LLC*, 2023 WL 185499, at *3 (S.D.N.Y. Jan. 13, 2023) ("[I]f parties choose a law that would declare the contract invalid...the chosen law will not be applied by reason of the parties' choice") (quoting Restatement (Second) of Conflict of Laws § 187 cmt. e (2022)). Respectfully, Plaintiffs' declaratory judgment claim should be dismissed with prejudice.

## II.     Plaintiffs' Fraud Claim Fails as a Matter of Law.

Plaintiffs' fraud claims fail because: (A) their allegations regarding alleged fraudulent fees sound in breach of contract; and (B) they cannot allege justifiable reliance based on pre-contractual representations directly at odds with the Purchase Agreement's express, written terms.

---

[2] *See also, e.g., Gomez v. New York City Dep't of Educ.*, 2022 WL 4298728, at *3 (S.D.N.Y. Sept. 19, 2022) ("Plaintiff cannot amend her complaint through briefs submitted in opposition to a motion to dismiss") (Torres, J.); *Stone Fam. Tr. v. Credit Suisse AG*, 2022 WL 954743, at *9 (S.D.N.Y. Mar. 30, 2022) ("As Plaintiff has clearly pleaded its common law fraud claim under Pennsylvania law, the Court construes these arguments [under New York law] as an attempt by Plaintiff to improperly amend its complaint through its opposition brief") (Torres, J.); *Perez v. Int'l Bhd. of Teamsters, AFL-CIO*, 2002 WL 31027580, at *4 (S.D.N.Y. Sept. 11, 2002) ("[W]hen opposing a motion to dismiss, a party may not amend his complaint through new allegations made in his briefs")

### A. Plaintiffs' Claim Regarding Alleged Fraudulent Fees Sounds in Breach of Contract.

Plaintiffs do not distinguish (or even address) the *Haymount* decision in which the court dismissed an identical fraud claim as sounding in breach of contract. *Haymount*, 609 F. Supp. 3d at 257. Nor can they. That is because Plaintiffs' fraud claim (like the rest of their Complaint) was largely cut-and-pasted from the Amended Complaint in *Haymount*. Having elected to make the same fraud claim as in *Haymount*, Plaintiffs cannot be heard to complain about getting the same result.

Plaintiffs claim that "Defendants purposefully and conspicuously omit to the Court the full language of the fee provisions" and that the full provision "never disclosed" the fees. (Doc. No. 54, Pls.' Memo. at pp. 6-7). That is incorrect. The fee provision in this case is virtually identical to that in *Haymount*,[3] where the court held that the provision "plainly disclose[d] the existence and

---

[3] The fee provision in this case provides as follows:

> A. **Underwriting Fee** Minimum of $1,000.00 or up to 15% of the purchase price for underwriting fees, broker fees and related expenses. These upfront fees shall be deducted from the Purchase Price stated above with the remaining net being disbursed to Merchant and related expenses.
>
> B. **Origination Fee** Minimum of $1,000.00 or up to 15% of the purchase price to cover cost of Origination and ACH Setup. These upfront fees shall be deducted from the Purchase Price stated above, with the remaining net being disbursed to Merchant.

(Doc. No. 5-3, Purchase Agrmt. at p. 8). The fee provision in Haymount provided as follows:

> A. **Underwriting Fee**: Minimum of $500.00 or up to 12% of the purchase price for underwriting and related expenses.
>
> B. **ACH Origination Fee**: Minimum of $500.00 or up to 10% of the purchase price to cover cost of Origination and ACH Setup.

*Haymount*, Case No: 1:22-cv-01245-JSR (Doc. No. 60-1 at p. 10).

amounts of the fees." *Haymount*, 609 F. Supp. 3d at 257. Just as in *Haymount*, the fees in this case were "plainly disclosed" and Plaintiffs' fraud claim fails.

Plaintiffs claim that the fees were fraudulent because they were not "charged for their stated reasons." (Doc. No. 54, Pls.' Memo. at p. 6). Again, however, the *Haymount* court addressed such an allegation and held that "it would sound in breach of contract, not fraud." *Haymount*, 609 F. Supp. 3d at 257.

Plaintiffs cite *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Monarch Payroll, Inc.*, 2016 WL 634083 (S.D.N.Y. Feb. 17, 2016), to support their fraud claim. In that case, however, the court "conclude[d] that the fraud claim alleges non-performance of the contract, and does not plausibly allege fraud under New York law." *Id.* at *4. Just like the claim in *Nat'l Union*, Plaintiffs' fraud claim should be dismissed.

### B. Plaintiffs' Fraud Claim Based Upon Alleged Pre-Contractual Representations Fails.

Plaintiffs' fraudulent inducement claim is premised on two alleged pre-contractual misrepresentations: (1) Defendants allegedly misrepresented the amount and term of the loan; and (2) Defendants allegedly misrepresented that there would be a subsequent contract. (Doc. No. 1, Compl. ¶ 176). Both alleged misrepresentations are directly at odds with the Purchase Agreement's written terms and, therefore, Plaintiffs cannot establish justifiable reliance. (*See* Doc. No. 50, Defs.' Memo. at pp. 13-14).

#### 1. The Alleged Pre-Contractual Representations Regarding the Amount and Term of the Alleged Loan.

Plaintiffs do not address the fact that the first alleged pre-contractual representation – that the parties' agreement would be a $250,000 loan at 20% interest repayable in six months through monthly payments, (Doc. No. 1, Compl. ¶ 81) – is directly contradicted by the Purchase Agreement

4

(which, on its face, states that it is **not** a loan, that it bears **no** interest, that there is **no** finite repayment period, and that it is repayable through **daily** (not monthly) remittances, (*see* Doc. No. 5-3, Purchase Agrmt. at p. 1, § 1.1)). Nor do they provide any legal authority to suggest that justifiable reliance could ever exist under such circumstances. Plaintiffs have effectively conceded that they cannot establish justifiable reliance as to the first alleged misrepresentation.[4]

### 2. The Alleged Pre-Contractual Misrepresentation Regarding a Subsequent Agreement.

As to the second alleged misrepresentation – that "once the loan was funded, the contract would be redrawn to reflect the numbers that [the parties] had discussed," (Doc. No. 1, Compl. ¶ 84) – Defendants made the same argument as above; specifically, that this alleged pre-contractual representation is directly contradicted by the Purchase Agreement, which, on its face, states that it is the parties' "entire agreement" and that it "supersede[s] all prior agreements and understandings…." (*See* Doc. No. 50, Defs.' Memo. at p. 14) (citing Doc. No. 5-3, Purchase Agrmt. § 4.9).

In response, Plaintiffs argue that "an integration clause will not preclude a claim of fraudulent inducement." (Doc. No. 54, Pl.'s Memo. at p. 7). Respectfully, Plaintiffs are misunderstanding the issue. The issue is not that Plaintiffs' fraud claim is barred by the integration clause *per se*, but that the integration clause directly contradicts the alleged pre-contractual representation. Stated differently, Dr. Collins could not justifiably rely on an alleged pre-

---

[4] "[A] party concedes through silence arguments made by its opponent that it fails to address." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 86 (E.D.N.Y. 2019); *see also, e.g.*, *CVS Pharmacy, Inc. v. Press America, Inc.*, 377 F. Supp. 3d 359, 383 (S.D.N.Y. 2019) ("[A] party may be deemed to have conceded an argument by failing to address it in its briefing"); *In re UBS AG Secs. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (recognizing that a party "concedes through silence" arguments by its opponent that it fails to address); *Felske v. Hirschmann*, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them").

5

contractual representation that that there was a separate agreement when the Purchase Agreement says the opposite, *i.e.*, that it is the parties' "entire agreement." *See, e.g., Siemens Westinghouse Power Corp. v. Dick Corp*, 299 F. Supp. 2d 242, 247 (S.D.N.Y. 2004) ("Where there is a 'meaningful' conflict between a written contract and prior oral representations, a party will not be deemed to have justifiably relied on the prior oral representations").

Indeed, pursuant to this rationale, the rule cited by Plaintiffs is inapplicable when the integration clause addresses "the very matter as to which [the party] now claims it was defrauded." *Icebox–Scoops v. Finanz St. Honore, B.V.*, 676 F.Supp.2d 100, 112 (E.D.N.Y. 2009) (quoting *Danann Realty Corp. v. Harris*, 5 N.Y.2d 317, 320 (1959)). Here, the integration clause states that the Purchase Agreement is the parties "entire agreement," yet Plaintiffs claim to have been defrauded by a directly contrary representation. The integration clause, therefore, addresses the "very matter" as to which Plaintiffs now claim they were defrauded. Plaintiffs' fraud claim fails as a matter of law.

This conclusion is buttressed by the fact that the Purchase Agreement was an arm's-length transaction between sophisticated parties. *See Shinano Kenshi Corp. v. Honeywell Int'l Inc.*, 2023 WL 2431327, at *6 (S.D.N.Y. Mar. 9, 2023) ("[I]n arm's-length transactions between sophisticated parties, courts in this District have found that, under New York law, integration clauses barred [claims for fraudulent inducement]"). With all due respect, it is not reasonable for a sophisticated party like Dr. Collins – a medical doctor and business owner – to claim, in effect, that she signed and initialed the Purchase Agreement sixteen (16) different times, obligating herself and her business to remitting hundreds of thousands of dollars, because she was told the Purchase Agreement was not the parties' "real" contract, but that, instead, the parties would

6

operate under the terms of a separate, unwritten agreement that was the "real" deal. Plaintiffs cannot establish justifiable reliance and, respectfully, their fraud claim should be dismissed.

### III. Plaintiffs' Breach of Contract Claim Fails as a Matter of Law.

Plaintiffs' breach of contract claim fails because: (A) it is based on conduct expressly permitted by the contract; and (B) Plaintiffs have not alleged (and cannot allege) their own performance.

#### A. Plaintiffs' Breach of Contract Claim is Based on Conduct Expressly Permitted by the Parties' Contract.

Plaintiffs' sole breach of contract claim is that "Defendants did not advance the amounts as promised," but, instead, deducted certain fees. (*See* Doc. No. 1, Compl. ¶ 191). In response to Defendants' argument that these fees were permitted under the contract, Plaintiffs claim that the fees were "never disclosed." (*See* Doc. No. 54, Pls.' Memo. at p. 6). In fact, the fee provisions (quoted in full at footnote 3, *supra*) plainly disclose the existence and amount of the fees: a "[m]inimum of $1,000.00 or up to 15% of the purchase price" for both the Underwriting Fee and the Origination Fee. (Doc. No. 5-3, Purchase Agrmt. at p. 8). That is not simply Defendants' opinion. Judge Rakoff construed nearly identical fee provisions in *Haymount* and held that they "plainly disclose[d] the existence and amounts of the fees." *Haymount*, 609 F. Supp. 3d at 257. Plaintiffs' tortured, subjective analysis is irrelevant;[5] the unambiguous fee provisions expressly permitted deduction of the fees and Defendants' breach of contract claim fails.

No doubt aware of this fact, Plaintiffs now seek to amend their Complaint to allege an alternative breach of contract theory, namely that the fees were not applied for their stated purpose.

---

[5] It is a core principle of contract law that courts should enforce clear, unambiguous contracts according to their plain meaning. *TAG 380, LLC v. ComMet 380, Inc.*, 10 N.Y.3d 507, 512-13 (2008). A party's subjective interpretation or understanding is irrelevant. *See CCR Int'l, Inc. v. Elias Grp., LLC*, 2020 WL 7629325, at *12 (S.D.N.Y. Dec. 22, 2020).

(*See* Doc. No. 54, Pls.' Memo. at pp. 7-8). Again, however, "it is axiomatic that [a] Complaint cannot be amended by the brief[] in opposition to a motion to dismiss." *O'Brien*, 719 F. Supp. at 229. Here, in their initial memorandum of law, Defendants specifically noted that Plaintiffs had **not** alleged a breach of contract claim related to the alleged fraudulent fees. (Doc. No. 50, Defs.' Memo. at p. 11 n.7). Rather than amending their complaint to assert such a claim (as provided in Rule III.B of the Court's Individual Practices in Civil Cases), Plaintiff simply argue that their "fifth cause of action specifically alleges a breach of contract in the alternative." (Doc. No. 54, Pls.' Memo. at p. 5 n.5). The fifth cause of action, however, merely alleges that "Defendants did not advance the amounts as promised." (Doc. No. 1, Compl. ¶ 191). It does not allege that Defendants breached the Purchase Agreement by failing to perform the services for which the fees were charged. (*See id.*) It would be prejudicial to permit Plaintiffs to now assert such a claim in their opposition brief.

### B. Plaintiffs Have Not Alleged (and Cannot Allege) Their Own Performance Under the Purchase Agreement.

Plaintiffs argue that they were not required to allege their own performance under the Purchase Agreement because Defendants committed the first material breach. (Doc. No. 54, Pls.' Memo. at p. 8).[6] This argument, however, is premised entirely on Plaintiffs' claim that "Defendants did not advance the amounts as promised." If that claim fails – and it does – Plaintiffs had no excuse for their failure to perform. For this additional reason, their breach of contract claim should be dismissed.

---

[6] Plaintiffs' citation to the preliminary injunction decision in *Haymount* is inapposite. The alleged breach of contract in that decision was Defendants' funding the purchase price in tranches – which the court found to be a likely breach of contract – **not** the deduction of upfront, disclosed fees. *See Haymount Urgent Care PC v. Gofund Advance, LLC*, 2022 WL 836743, at *2 (S.D.N.Y. Mar. 21, 2022). Indeed, as noted herein, the court noted in a subsequent decision that the fee provisions "plainly disclose[d] the existence and amounts of the fees." *Haymount*, 609 F. Supp. 3d at 257.

## IV. Plaintiffs Have Failed to State a Claim for Violation of the CFAA.

Plaintiffs have failed to state a claim for violation of the CFAA because they: (A) have not alleged that Defendants exceeded their authorized access; and (B) have failed to allege damage or loss as defined in the statute.

### A. Plaintiffs Have Failed to Allege that Defendants Exceeded Their Authorized Access.

Plaintiffs do not meaningfully address Defendants' binding authority – including the United States Supreme Court case of *Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021) – squarely holding that a party does not "exceed authorized access" under the CFAA if he is granted access to a computer for one purpose, but then uses that access for an improper purpose (exactly what allegedly happened here). (*See* Doc. No. 54, Pls.' Memo. at pp. 8-9). Instead, while conceding that Defendants had authority to access their bank account, Plaintiffs argue that Defendants exceeded their authorized access by "poking around Plaintiffs' account history searching for other bank accounts that Plaintiffs might use." (*Id.* at p. 9).[7] But that is the exact situation that courts have held **not** to constitute a violation of the CFAA. *See, e.g., Van Buren*, 141 S. Ct. at 1652; *Univ. Sports Pub. Co. v. Playmakers Media Co.*, 725 F. Supp. 2d 378, 383 (S.D.N.Y. 2010); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 692 F. Supp. 2d 373, 385 (S.D.N.Y. 2010); *Jet One Grp., Inc. v. Halcyon Jet Holdings, Inc.*, 2009 WL 2524864, at *6

---

[7] Plaintiffs do not allege that, in "poking around" their account, Defendants somehow accessed "more highly protected information that [they were] not entitled to access." *Univ. Sports Pub. Co. v. Playmakers Media Co.*, 725 F. Supp. 2d 378, 384 (S.D.N.Y. 2010). Nor would that be a reasonable inference. In fact, according to Plaintiffs, Defendants discovered the Bank of America account in late-September or early-October, 2022, when they "accessed Plaintiffs' Chase bank account in order to discover that Plaintiff had moved [all of their] funds to Bank of America." (Doc. No. 1, Compl. ¶ 107). Thus, according to Plaintiffs, the Bank of America account was staring Defendants in the face – and not something they had to "poke around" to discover – when they attempted to determine why Plaintiffs had placed a "stop payment" on the Remittance, something Defendants had every right to do.

(E.D.N.Y. Aug. 14, 2009). Plaintiffs have failed to allege that Defendants exceeded their authorized access and, accordingly, Plaintiffs' CFAA claim fails as a matter of law.

### B. Plaintiffs Have Failed to Allege Damage or Loss as Defined in the CFAA.

Plaintiffs do not seriously dispute that they failed to allege "damage" or "loss" as defined in the CFAA. (*See* Doc. No. 54, Pls.' Memo. at pp. 9-10). Instead, they seek to amend their Complaint to allege that their "loss" or "damage" was "retaining counsel to fight against Defendants' actions and seek an injunction from the Court…." (*Id.* at p. 10). Such an amendment, however, would be futile. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (holding that an amendment is futile if the proposed claim could not withstand a motion to dismiss). "[E]xpenses incurred in attorney's fees to respond to a litigation or even to prosecute a CFAA claim do not qualify as a 'loss' under the CFAA." *Above & Beyond - Bus. Tools & Servs. for Entrepreneurs, Inc. v. Wilson*, 2022 WL 17742726, at *7 (D.N.J. Sept. 1, 2022). If the rule were otherwise, the CFAA's limitation of "loss" and "damage" to "technological harms," *Van Buren*, 141 S. Ct. at 1659–60, would be meaningless; CFAA plaintiffs without "loss" or "damage" could simply allege attorney's fees and thereby circumvent the CFAA's limited scope. Respectfully, Plaintiffs' proposed amendment is futile and cannot save their deficient CFAA claim.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's claims for Declaratory Judgment, Fraud, Breach of Contract, and Violation of the CFAA.

Dated: May 29, 2023	Respectfully Submitted,

	*/s Will Parsons*
	Will Parsons
	WELLS LAW P.C.
	229 Warner Road
	Lancaster, New York 14086
	(716) 983-4750
	will@wellspc.com

	*Attorneys for Defendants*
	*MCA Receivables LLC and*
	*Yisroel Getter*